IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as successor in interest to Bank of America, National Association, as successor by merger to LaSalle Bank National Association, Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Trust 2007-CIBC19, Commercial Mortgage Pass-Through Certificates, Series 2007-CIBC19<br>　　　　*Plaintiff*<br><br>　　　v.<br><br>CHETTY LIMITED PARTNERSHIP<br>　　　　*Defendant* | CIVIL ACTION<br><br>NO. 17-5127 |

NITZA I. QUIÑONES ALEJANDRO, J.　　　　　　　　　　　　　　　　SEPTEMBER 10, 2018

# MEMORANDUM OPINION

**INTRODUCTION**

　　　Plaintiff U.S. Bank National Association, as successor in-interest to Bank of America, National Association, as successor by merger to LaSalle Bank National Association, Trustee for the Registered Holders of J. P. Morgan Chase Commercial Mortgage Securities Trust 2007-CIBC19, Commercial Mortgage Pass-Through Certificates, Series 2007-CIBC19 ("Plaintiff" or "Lender"), brought this mortgage foreclosure action against Defendant Chetty Limited Partnership ("Defendant" or "Borrower") for defaulting on a commercial loan secured by a mortgage. Plaintiff seeks an order of foreclosure on the mortgage for the amount due under the note. Before this Court is Plaintiff's fully briefed motion for summary judgment, [ECF 19],

which Defendant has opposed. [ECF 21].[1] For the reasons stated herein, Plaintiff's motion is granted, and summary judgment is entered in favor of Plaintiff.

**BACKGROUND**

Plaintiff filed this mortgage foreclosure action against Defendant, alleging that Defendant defaulted on a commercial mortgage by failing to pay the balance due under the accompanying note on May 1, 2017, the maturity date. Discovery ensued and closed. Thereafter, Plaintiff filed the underlying motion for summary judgment. When ruling on a motion for summary judgment, a court must consider all record evidence and supported relevant facts in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Galena v. Leone*, 638 F.3d 186, 196 (3d Cir. 2011). Here, the relevant facts are summarized as follows:[2]

> On or about April 5, 2007, CIBC Inc. (the "Original Lender") issued a loan in the principal amount of $4,672,000 (the "Loan") to Defendant. (ECF 19-3, Pl.'s Statement of Undisputed Material Facts, ("SOF") at ¶2). Defendant used the proceeds of the Loan to refinance existing mortgage debt on two of its commercial properties: (1) the Shoppes at Smithbridge in Glen Mills, Delaware County, Pennsylvania (the "Delaware County Property"); and (ii) Longwood Corporate Park in Kennett Square, Chester County, Pennsylvania (the "Chester County Property"). (*Id*. at ¶3). The Loan is evidenced by a Promissory Note dated April 5, 2007, executed by Defendant in favor of Original Lender in the principal amount of $4,672,000 (the "Note"). (*Id*. at ¶4).
>
> Contemporaneously with the Note, Defendant executed in favor of Original Lender a Mortgage, Assignment of Leases and Rents and Security Agreement dated as of April 3, 2007 (the "Mortgage"), with respect to the

---

[1]  In adjudicating Plaintiff's motion, this Court has also considered Plaintiff's reply. [ECF 26].

[2]  Most of these facts are taken from the parties' respective statements of facts and/or responses thereto. This Court notes that in responding to Plaintiff's statement of undisputed facts, Defendant denies some facts based on its purported lack of "knowledge or information sufficient to form a belief as to the truth of the averments . . . ." Most of these asserted facts, however, are substantiated by documents attached to Plaintiff's motion and otherwise unchallenged by Defendant. Notwithstanding, while most of the facts material to Plaintiff's motion are undisputed, where disputed, this Court has construed the facts in favor of Defendant.

2

Delaware County Property, the Chester County Property, and various other enumerated property (collectively, the "Property"). (*Id*. at ¶5).[3] The Mortgage was recorded with the Delaware County Recorder of Deeds (the "Delaware County Recorder") on April 13, 2007, as Instrument No. 2007032507, in Book 4074, Page 1928, and with the Recorder of Deeds for Chester County (the "Chester County Recorder") on April 9, 2007, as Instrument No. 10743482, in Book 7127, Page 1454. (*Id*. at ¶6). The Mortgage granted to Original Lender a security interest in all of Defendant's estate, right, title and interest in, to and under the Property. (*Id*. at ¶7).

The Loan was subsequently securitized and assigned by Original Lender to LaSalle Bank National Association ("LaSalle Bank"), as Trustee for the registered holders of JPMorgan Chase Commercial Mortgage Securities Trust 2007-CIBC19, Commercial Mortgage Pass-Through Certificates, Series 2007-CIBC19 ("Assignee No. 1") (the "First Loan Assignment"). (*Id*. at ¶8). In connection with the First Loan Assignment, Original Lender executed in favor of Assignee No. 1 an Allonge to Promissory Note and an Assignment of Mortgage, Assignment of Leases and Rents and Security Agreement effective June 14, 2007, which was recorded with the Chester County Recorder on March 17, 2008, as Instrument No. 10829189, in Book 7387, Page 2101, and with the Delaware County Recorder on August 28, 2017, as Instrument No. 2017046738, in Book 6052, Page 1774. (*Id*. at ¶¶10, 12). Effective October 17, 2008, LaSalle Bank merged into Bank of America, National Association, which succeeded LaSalle Bank as Trustee for Assignee No. 1. (*Id*. at ¶11).

Assignee No. 1 subsequently assigned the Loan to Plaintiff pursuant to an Ominibus Assignment of Loan Documents (the "Second Loan Assignment"). (*Id*. at ¶13). In connection with the Second Loan Assignment, Assignee No. 1 executed in favor of Plaintiff an Allonge to the Note and an Assignment of Mortgage, Assignment of Leases and Rents and Security Agreement and Other Loan Documents, which was recorded with the Delaware County Recorder on November 16, 2017, as Instrument No. 2017061268, in Book 6089, Page 2284, and with the Chester County Recorder on November 13, 2017, as Instrument No. 11577069, in Book 9649, Page 36. (*Id*. at ¶¶14-15).

The operative Note provides, in relevant part, that "[o]n the Maturity Date," which is defined as May 1, 2017, "the entire outstanding principal balance hereof, together with all accrued but unpaid interest thereon and all other sums due hereunder, shall be due and payable in full." (*Id*. at ¶16). The Note further provides that "no grace period is provided for the payment of principal and interest due on the Maturity Date." (*Id*. at ¶17). Defendant has admitted that it did not pay all sums due under the Loan by the Maturity Date. (*Id*. at ¶18).

---

[3] The Note, Mortgage and other documents executed by the parties in connection with the Loan are collectively referred to as the "Loan Documents."

The Loan Documents provide that Defendant's failure to pay the outstanding principal balance of the Note, together with accrued but unpaid interest thereon, on or before the Maturity Date of May 1, 2017, constitutes an "Event of Default." (*Id*. at ¶19). Defendant also admits that its failure to pay the Loan at maturity is an Event of Default. (*Id*. at ¶20). Defendant's default caused the servicing of the Loan for Lender to be transferred to the Special Servicer for the Trust, LNR Partners ("LNR"). (*Id*. at ¶21). By letter dated May 8, 2017, LNR provided a Notice of Default to Defendant on Plaintiff's behalf. (*Id*. at ¶22).

The Note further provides that "[i]n the event that any payment is not received by Lender [Plaintiff] on the date when due . . ., then in addition to any default interest payments due hereunder, Borrower [Defendant] shall also pay to Lender [Plaintiff] a late charge in an amount equal to five percent (5.0%) of the amount of such overdue payment." (*Id*. at ¶23). The Note provides for the payment of interest at the Note Rate of 5.94% per annum. (*Id*. at ¶24). The Note also provides that:

> So long as any Event of Default exists hereunder . . . and at all times after maturity of the indebtedness evidenced hereby (whether by acceleration or otherwise), interest shall accrue on the outstanding principal balance of this Note at a rate per annum equal to four percent (4.0%) plus the interest rate which would be in effect hereunder absent such default or maturity, or if such increased rate of interest may not be charged or collected under applicable law, then at the maximum rate of interest, if any, which may be charged or collected from Borrower [Defendant] under applicable law (the "Default Interest Rate"). (*Id*. at ¶25).

The Mortgage provides that "[i]f there shall occur an Event of Default under this Mortgage, then the Property shall be subject to sale and this Mortgage shall be subject to foreclosure, all as provided by law, and Lender may," *inter alia*, "immediately commence an action to foreclose this Mortgage." (*Id*. at ¶27). The Mortgage also provides that "[i]n the event foreclosure proceedings are filed by Lender [Plaintiff], all expenses incident to such proceedings, including, but not limited to, attorneys' fees and costs, shall be paid by Borrower [Defendant] and secured by this Mortgage and by all of the other Loan Documents securing all or any part of the indebtedness evidenced by the Note." (*Id*. at ¶28).

Accounting for all payments received from Defendant through March 2018, the total amount due and owing on the Loan as of March 30, 2018, is $4,528,586.55. (*Id*. at ¶29).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 56 provides that summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is material if it might affect the outcome of the suit under the applicable law, and it is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49 (1986). At summary judgment, the inquiry is whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law. *Id.* at 251–52. In making this determination, the Court must "consider all evidence in the light most favorable to the party opposing the motion." *A.W. v. Jersey City Pub. Schs.,* 486 F.3d 791, 794 (3d Cir. 2007).

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. *Conoshenti v. Pub. Serv. Elec. & Gas Co.,* 364 F.3d 135, 145–46 (3d Cir. 2004). Once the moving party has shown that there is an absence of evidence to support the non-moving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." *Berckeley Inv. Group. Ltd. v. Colkitt,* 455 F.3d 195, 201 (3d Cir. 2006); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is warranted. *Celotex,* 477 U.S. at 322. With respect to the sufficiency of the evidence that the non-moving party must provide, a court should grant summary judgment where the non-

movant's evidence is merely colorable, conclusory, or speculative. *Anderson,* 477 U.S. at 249–50. There must be more than a scintilla of evidence supporting the non-moving party and more than some metaphysical doubt as to the material facts. *Id.* at 252; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Further, a party may not defeat a motion for summary judgment with evidence that would not be admissible at trial. *Pamintuan v. Nanticoke Mem'l Hosp.,* 192 F.3d 378, 387 (3d Cir. 1999).

**DISCUSSION**

Plaintiff contends that based on the undisputed evidence, Plaintiff is entitled to judgment as a matter of law. Specifically, Plaintiff contends that it is undisputed that Defendant failed to pay the balance due and owing on the Loan on the Maturity Date, May 1, 2017, and, thus, defaulted on the Loan. Defendant has conceded as much and admits that it "did not pay the outstanding principal balance of the Note, together with accrued interest on the Maturity Date," [*see* ECF 21, Def.'s Br. in Opposition, at p. 2],[4] and, thus, defaulted on the Loan. Defendant contends, however, that there exist genuine issues of material fact with respect to whether the parties agreed to modify the Loan Documents after Defendant's admitted default, and whether Plaintiff is equitably estopped from foreclosing on the Loan. As set forth below, these defenses are unsupported and, therefore, Plaintiff is entitled to summary judgment.

"In a mortgage foreclosure action, the plaintiff must show the existence of an obligation secured by a mortgage, and a default on that obligation." *VFC Partners 25 LLC v. Scranton Center Holdings LP*, 541 F. App'x 206, 207 (3d Cir. 2013) (quoting *Chem. Bank v. Dippolito,* 897 F. Supp. 221, 224 (E.D. Pa. 1995) (granting plaintiff's motion for summary judgment in a

---

[4] During a deposition, Defendant's representative, Carl Chetty, also admitted that it did not pay the entire outstanding principal balance of the Note and all accrued but unpaid interest and other sums due at the Maturity Date of May 1, 2017. (*See* ECF 19-7, Chetty Dep. Tr. at 30:20-30:24).

6

mortgage foreclosure action)); *see also HSBC Bank USA, N.A. v. Keenhold,* 2009 WL 523092 (M.D. Pa. Mar. 2, 2009) (quoting *Chemical Bank* ); *United States v. Asken,* 2002 WL 32175416 (E.D. Pa. Oct. 28, 2002) (granting plaintiff's motion for summary judgment in a mortgage foreclosure action following defendants' default on a loan). Where a mortgagor admits that it is in default of its obligations under the mortgage, or where there is no dispute that the mortgagor has failed to pay its obligations under the mortgage and the recorded mortgage is in a specified amount, then summary judgment is appropriate. *See U.S. Bank Nat. Ass'n v. Lighthouse Whitehall Commons, LLC*, 2012 WL 4473232, at *4 (E.D. Pa. Sept. 28, 2012) (citing *Landau v. Western Pennsylvania National Bank,* 282 A.2d 335, 340 (Pa. 1971)); *Wilson v. Parisi,* 549 F. Supp. 2d 637, 655 (M.D. Pa. 2008).

Here, there is no dispute regarding the terms of either the Note or the Mortgage. The Note and Mortgage together required Defendant to pay the entire outstanding principal balance, together with all accrued but unpaid interest thereon, in full on the Maturity Date, and failure to do so, constituted an "Event of Default."[5] Defendant has admitted that it failed to pay the outstanding principal and unpaid interest in full as due under the Note on the Maturity Date. Under the terms of the Note and Mortgage, Defendant's failure to pay the amounts due and owing constituted an Event of Default. Under these undisputed facts, absent application of an affirmative defense, Plaintiff is entitled to summary judgment.

Though Defendant admits its default of the Loan, it asserts that there are genuine issues of material fact with respect to whether the parties intended to and did in fact enter into some type of modification of the Loan Documents such that summary judgment is inappropriate. Specifically, Defendant contends that Plaintiff's "acceptance of [Defendant's] post Maturity

---

[5] Defendant's representative admitted that Defendant's failure to pay the Loan at maturity constituted an Event of Default. (*See* ECF 19-7, Chetty Dep. Tr. at 31:1-31:4).

7

Date payments constituted a modification of the Loan from an instrument payable at a definite time to one with an indefinite term," creating "a question of triable fact as to what [the parties'] intention was." (Def.'s Opp. Br. at p. 5).

Defendant has presented no evidence of such a modification. Defendant instead cites to numerous decisions which stand for the proposition that parties to a contract can agree to modification of a contract's terms. None of the cases cited by Defendant, however, pertain to the modification of a mortgage loan agreement. As Plaintiff correctly points out, under applicable Pennsylvania law, the statute of frauds requires any modification of a mortgage to be in writing. *Hansford v. Bank of Am.*, 2008 WL 4078460, at *13 (E.D. Pa. Aug. 22, 2008) (holding that "neither equitable nor promissory estoppel applies where the forbearance agreement was not in writing."); *Phoenix Four Grantor Trust #1 v. 642 North Broad Street*, 2000 WL 876728, at *5 (E.D. Pa. June 29, 2000) (holding that "because the mortgages constitute interests in land, under . . . Pennsylvania law, the statute of frauds requires any modification of those mortgages to be in writing."); *Bayer v. CitiMortgage*, 2014 WL 4187556, at *4 (M.D. Pa. Aug. 22, 2014); *In re Commonwealth Renewable Energy, Inc.*, 540 B.R. 173, 188 (W.D. Pa. Bankr. 2015); *Strausser v. PRAMCO*, 944 A.2d 761, 765 (Pa. Super. Ct. 2008) (holding that an "agreement to forbear from foreclosure, between mortgagor and mortgagee, has been held to represent an interest in land such that the agreement is subject to the Statute of Frauds and must be in writing."); *Atl. Fin. Fed. v. Orianna Historic Assocs.*, 594 A.2d 356, 358 (Pa. Super. Ct. 1991) (rejecting borrower's argument that its course of dealing with the borrower meant the Statute of Frauds should not apply and the court should recognize an agreement by the lender to forbear); *Bozzi v. Greater Del. Va. Sav. & L. Ass'n,* 389 A.2d 122, 124 (Pa. Super. Ct. 1978) (holding that "an oral

agreement to lend money to a borrower in consideration for a mortgage must be in writing pursuant to the statute of frauds.").

Defendant has failed to present any evidence of a written modification to the Loan Documents, but rather relies solely on Plaintiff's alleged course of conduct in accepting payments on the Loan after Defendant's default. As the Honorable Juan R. Sanchez of this Court succinctly stated in another matter, rejecting a similar course of conduct argument to that raised by Defendant here:

> JGKM's second argument—that the lender modified the terms of the Loan by its course of conduct—is barred not only by the mandate of the Loan Documents that all modifications must be in writing, but also by the Statute of Frauds. Under Pennsylvania law, mortgages constitute interests in land, and as such, the Statute of Frauds requires any modification of those mortgages to be in writing. *See* 33 Pa. Cons. Stat. Ann. § 1 (Pennsylvania's Statute of Frauds).

*U.S. Bank Nat. Ass'n v. JGKM Assocs. LLC*, 2015 WL 1474448, at *5 (E.D. Pa. Mar. 31, 2015). This same reasoning is dispositive here. Defendant has provided no evidence of a written modification to the Loan Documents. As such, Defendant has not met its burden of showing a modification to the underlying mortgage.

Moreover, the Loan Documents expressly prohibit oral modification of the terms of the Loan. In that regard, §2.01 of the Note expressly states that "[t]his Note may not be changed orally, but only by an agreement in writing signed by the party against whom enforcement of any waiver, change, modification or discharge is sought." (ECF 19-8, Note at §2.01). Section 5.27 of the Mortgage similarly provides:

> This Mortgage and the other Loan Documents may not be amended, revised, waived, discharged, released or terminated orally but only by a written instrument or instruments executed by the party against which enforcement of the amendment, revision, waiver, discharge, release or termination is asserted. Any alleged

9

amendment, revision, waiver, discharge, release or termination which is not so documented shall not be effective as to any party.

(ECF 19-9, Mortgage at §5.27). Again, Defendant has presented no evidence of a written modification to the Loan Documents or any evidence of the parties' intent to modify the loan documents.

Defendant also argues that "Plaintiff's acceptance of Defendant's payments made after the maturity date constitutes equitable estoppel barring Plaintiff's right to foreclose." (Def.'s Opp. Br. at 6). Like Defendant's modification argument, its equitable estoppel argument lacks merit. First, as Plaintiff correctly asserts, equitable estoppel is an affirmative defense that is required to be asserted in an answer. *See* Fed. R. Civ. P. 8(c); *Sneberger v. BTI Ams., Inc.*, 1998 WL 826992, at *8 (E.D. Pa. Nov. 30, 1998) (quoting *Carlson v. Arnot-Ogden Mem'l Hosp.*, 918 F.2d 411, 416 (3d Cir. 1990)). As an affirmative defense, this defense is "waived if not pleaded or otherwise timely raised." *Paramount Aviation Corp. v. Agusta*, 178 F.3d 132, 137 (3d Cir. 1999); *see also Charpentier v. Godsil*, 937 F.2d 859, 863 (3d Cir. 1991); *DVI Financial Services, Inc. v. Kagan*, 2001 WL 706365, at *3 (E.D. Pa. June 21, 2001).

Under Pennsylvania law, the doctrine of equitable estoppel is applied to prevent a person from taking a position that is inconsistent with a position previously taken or acting differently than the manner in which that person induced another person by word or deed to expect. *Novelty Knitting Mills, Inc. v. Siskind*, 457 A.2d 502, 503 (Pa. 1983). To benefit from this affirmative defense, a defendant must present evidence sufficient to show (1) an inducement, whether by act, representation, or silence when one ought to speak, that causes one to believe the existence of certain facts; (2) justifiable reliance on that inducement; and (3) prejudice to the one who relies if the inducer is permitted to deny the existence of such facts. *Zivari v. Willis,* 611 A.2d 293, 295 (Pa. Super. Ct. 1992) (quoting *Northwestern Nat'l Bank v. Commonwealth,* 27 A.2d 20, 23 (Pa.

1942)). To constitute inducement, a person must commit an act or forbearance that causes a change in condition resulting in disadvantage to the one induced. *Novelty*, 457 A.2d at 503. These elements must be established by the party asserting equitable estoppel by "clear, precise and unequivocal evidence." *Blofsen v. Cutaiar*, 333 A.2d 841, 844 (Pa. 1975).

Here, a review of Defendant's answer to the complaint shows that Defendant did not plead this affirmative defense, nor did Defendant raise this affirmative defense any time prior to filing its response to Plaintiff's underlying motion for summary judgment. [*See* ECF 8]. As such, Defendant has waived it. *Charpentier*, 937 F.2d at 863.

Irrespective of Defendant's waiver, Defendant has also failed to present any evidence sufficient to maintain the affirmative defense of equitable estoppel. As an affirmative defense, Defendant bears the burden of proof as to its application. *See VICI Racing, LLC v. T-Mobile USA, Inc.*, 763 F.3d 273, 299 (3d Cir. 2014) ("Since it is an affirmative defense, the breaching party bears the burden of proof."); *Callahan v. U.S. Postal Serv.*, 2014 WL 2999066, at *1 (D.N.J. June 25, 2014) (citing *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003)); *Jim Brady Shoes, Inc. v. J.P. Intern., Inc.*, 1988 WL 123213, at *1 (E.D. Pa. Nov. 15, 1988); *Wilmington Trust Co. v. Caucus Distribs., Inc.*, 1987 WL 7854, at *1 (E.D. Pa. Mar. 11, 1987); *Harper v. Delaware Valley Broadcasters, Inc.*, 743 F. Supp. 1076, 1090 (D. Del. 1990). At the summary judgment stage, therefore, Defendant must point to evidence sufficient to meet each of the affirmative defense's elements, but has not done so here. *See Insurance Co. of North America v. Misch*, 1989 WL 73702, at *3 (E.D. Pa. July 5, 1989) ("Defendant has not provided this Court with any factual support for the affirmative defenses to plaintiff's complaint. Therefore, plaintiff's motion for summary judgment is granted."); *Harper*, 743 F. Supp. at 1090; *Jim Brady*, 1988 WL 123213, at *1; *Wilmington Trust*, 1987 WL 7854, at *1.

Viewing the evidence in the light most favorable to Defendant, this Court finds that the facts presented do not warrant the invocation of the doctrine of equitable estoppel. First, Defendant has failed to offer any evidence of conduct by Plaintiff to suggest that Plaintiff intended not to demand the balloon payment that was due on the Maturity Date. Indeed, there has been no suggestion that Plaintiff made any affirmative representation to that effect. To the contrary, the Notice of Default expressly negates any such notion since it clearly reflects Plaintiff's intention to enforce its rights under the Loan Documents, and defeats any purported reliance on Plaintiff's potential acceptance of post-default payments as a waiver or cure of the default.

To support its equitable estoppel argument, Defendant points to: the failure of the Notice of Default to contain a specific demand for payment, Defendant's alleged communications with Plaintiff after Defendant's default regarding an extension of the Maturity Date, and Plaintiff's acceptance of payments after the Maturity Date. (Def.'s Opp. Br. at 7).[6] Defendant contends it "reasonably relied to its detriment" on these acts. (*Id.*). The express language contained in the Notice of Default (which Defendant admitted receiving), however, refutes any argument either that Plaintiff somehow induced Defendant to believe that Plaintiff had waived or would waive Defendant's default or that Defendant reasonably relied on some such agreement to its detriment.

Plaintiff's Notice of Default not only advised Defendant that Plaintiff intended to enforce all of its rights under the Loan Documents, but expressly indicated that Plaintiff's acceptance of any post-default payments would not constitute a waiver or a cure of Defendant's default:

---

[6] To support both the purported post-default communications and Plaintiff's acceptance of Defendant's post-default payments, Defendant cites to pages 91-96 of the deposition transcript of Aaron Guillotte. (*See* Def.'s Opp. Br. at p.7 n.20). Nothing in those cited pages, however, provides any evidentiary support for Defendant's otherwise unsubstantiated contention that "Plaintiff engaged in communications with Defendant about extending the Maturity Date."

> [I]n the event Borrower makes any subsequent payment of any amount less than all of the indebtedness due under the Loan ("Partial Payment"), Lender will apply such Partial Payment to the indebtedness owning under the Loan Documents as a partial payment. No such Partial Payment or the acceptance thereof by Lender shall constitute or be deemed or construed as a waiver of any default under the Loan Documents. In addition, any Partial Payment or the acceptance of any Partial Payment of Lender shall not constitute or be deemed or construed as a cure of any existing default under the Loan Documents, a modification of the Loan Documents or the terms of this letter, a reinstatement or satisfaction of the Loan, an election of remedies by Lender, or a waiver, modification, relinquishment or forbearance by Lender of any of Lender's rights or remedies under the Loan Documents or at law or in equity, all of which rights and remedies Lender expressly reserves.

(ECF 19-21, Notice of Default). In light of this express language in the Notice of Default (which Defendant also admits receiving), Defendant could not reasonably have relied upon Plaintiff's acceptance of any partial payments as evidence of a modification or a waiver. To the extent that Defendant relied on Plaintiff's acceptance of the monthly payments as indicative of Plaintiff's intent not to assert the balloon provision, such reliance was unjustified.

Further, Defendant cannot show any harm or prejudice incurred as a result of Plaintiff's acceptance of the monthly payments, since those payments will be applied in Defendant's favor when calculating the amount owed Plaintiff. Accordingly, Defendant has failed to raise any genuine issue of disputed fact which could give rise to an estoppel defense. Moreover, there is no dispute that Defendant has failed to meet its obligations under the Loan Documents. As such, this Court must enter an award of summary judgment in favor of Plaintiff.

**CONCLUSION**

For the reasons stated herein, Plaintiff's motion for summary judgment is granted. Accordingly, judgment is entered in favor of Plaintiff. An Order consistent with this Memorandum Opinion follows.


NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.